FILED
SUPERIOR COURT
OF GUAM

2025 DEC 23 AM 11: 34

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| JONATHAN SCHAFER,<br><br>      Plaintiff,<br><br>vs.<br><br>ANGELA ROSE SCHAFER,<br><br>      Defendant. | Domestic Case No. DM0256-25<br><br>**DECISION DENYING PLAINTIFF'S MOTION TO STRIKE ADMITTED EVIDENCE** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on November 18, 2025, for a Motion to Strike Admitted Evidence. Attorney Daron Berman represented the Plaintiff, Jonathan Schafer ("Jonathan"). Attorney Peter Perez represented the Defendant, Angela Rose Schafer ("Angela"). After reviewing the record, relevant law, and arguments from the parties, the Court **DENIES** the Motion to Strike Admitted Evidence.

## BACKGROUND

Angela filed a Motion for Custody *Pendente Lite* on August 11, 2025. The Court held an evidentiary hearing regarding this matter on November 7 and 14, 2025. In response to some evidence admitted during that evidentiary hearing, Jonathan filed his Motion to Strike Admitted Evidence on November 18, 2025. Angela filed her Opposition to the Motion to Strike Admitted

Page 1 of 7

Evidence on December 1, 2025.[1] Jonathan filed his Reply to the Opposition on December 9, 2025.

## STATEMENT OF FACTS

1. On November 7 and 14, 2025, the Court held an evidentiary hearing regarding Angela's Motion for Custody *Pendente Lite*. Mot. to Strike Admitted Evidence at 2 (Nov. 18, 2025).[2]

2. At the close of the evidentiary hearing, Jonathan requested to exclude two pieces of evidence: a temporary military protective order and emergency room medical records. *Id.* at 2. The Court requested that Jonathan file a motion to exclude these two pieces of evidence and to allow Angela an opportunity to respond. *Id.*

3. During the hearing, both exhibits were introduced during Angela's testimony. Evid. Hr'g at 1:24:13 PM, 1:29:54 PM (Nov. 7, 2025).

## DISCUSSION

Jonathan has alleged that both the military protective order and the emergency room medical records are hearsay that do not fall within an exception and, therefore, should not be admitted into evidence. Mot. to Strike Admitted Evid. at 2–3 (Nov. 18, 2025); Reply to Defs.' Opp'n Mot. to Strike Admitted Evid. at 1–2 (Dec. 9, 2025). Angela responded that both pieces of evidence fall within exceptions to the general ban on hearsay and were properly authenticated. Opp'n Mot. to Strike Admitted Evid. at 1–3 (Dec. 1, 2025).

---

[1] The parties stipulated that the timeline for this motion be due on December 1, 2025 because the original date for Angela's opposition to be filed, November 28, 2025, was a government of Guam holiday.

[2] In Jonathan's Motion to Strike Admitted Evidence, he claims the evidentiary hearing occurred on November 10 and 14, 2025. This date was mistaken.

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted Guam R. Evid. 801(c). Hearsay is generally not admissible as evidence "except as provided by the laws of Guam, by [the Guam Rules of Evidence] or by other rules prescribed by the Supreme Court of Guam pursuant to statutory authority." Guam R. Evid. 802.

When hearsay is introduced in the form of extrinsic evidence, such as a document, the statement must be authenticated before the statement is admissible as evidence. Guam R. Evid. 901(a). "[The Guam Rules of Evidence] 901 requires 'evidence sufficient to support a finding that the matter in question is what the proponent claims,'. . . for that evidence to be admissible." *People v. Tuncap*, 2014 Guam ¶31.

The Court finds that both the military protective order and the emergency room records are hearsay. Both are out-of-court statements offered for the truth of the matter asserted in each document. However, they are hearsay within an exception found in the Guam Rules of Evidence and are properly authenticated. The Court will first address Jonathan's motion to strike regarding the military protective order and then the emergency room medical records.

## I.    The Military Protective Order

Jonathan argued that the military protective order, marked as Exhibit D, is inadmissible hearsay because it was not authenticated during the evidentiary hearing by a public official. Mot. to Strike Admitted Evid. at 2–3. Angela countered that the military protective order is admissible because both Jonathan's and Angela's testimonies authenticated it, and the document falls under both the record of regularly conducted activity exception and the public record exception. Opp'n Mot. to Strike Evid., at 2–3; Guam R. Evid. 803(6), 803(8), 807.

Page 3 of 7

First, the Court will address that the military protective order falls into the public record exception. Second, the Court will address whether the military protective order is a self-authenticating document.

### a. The Public Record Exception

Even when a declarant of hearsay is available to testify, their declaration may still be admitted into evidence under several circumstances. *See* Guam R. Evid. 803. One of these circumstances is whether the declaration is a public record or report. Guam R. Evid. 803(8). The Guam Rules of Evidence include this exception in relevant part as follows:

> "Records, reports, statements, or data compilations, in any form, of public offices or agencies or government instrumentality, setting forth. . . matters observed pursuant to duty imposed by law as to which matters there was a duty to report. . ."

803(8).

The military protective order falls under the public records exception. The U.S. Navy, an agency of the U.S. government, created the protective order. Ex. D at 1. The protective order was created in response to a report of domestic violence by the Guam Police. *Id.* at 3. The order restricts Jonathan's ability to contact Angela and requires that Jonathan give Angela access to the Barrigada home, where they resided. *Id.* at 2–3. The order states that it was ordered under the Uniform Code of Military Justice. *Id.* at 2. It is signed by a commanding officer with jurisdiction over Jonathan. *Id.* at 1, 3. Therefore, the order is a report made by a public officer, Jonathan's commanding officer in the U.S. Navy, and it was made pursuant to a duty imposed by law on Jonathan's commanding officer. This satisfies the definition of a public record.

The Court finds that because the protective order is a public record, there is no reason to inquire into whether the document falls into the record of regularly conducted activity exception.

Thus, the Court declines to assess the document under the record of regularly conducted activity exception.

### b. Self-authenticating Document

As stated earlier, extrinsic hearsay evidence that falls under an exception must still be authenticated to be introduced as evidence. Guam R. Evid. 901(a). Some extrinsic evidence is self-authenticating. Guam R. Evid. 902. A domestic public document that is not under seal is self-authenticating when it is "[a] document purporting to bear the signature in the official capacity of an officer." Guam R. Evid. 902(2). The signature must belong to an officer of the United States to be self-authenticating. *Id.*; Guam R. Evid. 902(1).

Here, the protective order is self-authenticating. The document, although not under seal, is signed by the commanding officer of Jonathan in the U.S. Navy. Ex. D at 2. Jonathan's commanding officer signed the protective order in the course of his duties, meaning the officer signed it as Jonathan's commanding officer and not as a private person. Thus, the Court allows the protective order as evidence because it falls under a hearsay exception and is self-authenticating.

## II. The Emergency Room Medical Records

Jonathan argued that the emergency room records, marked as Exhibit C, are inadmissible hearsay and that they have not been properly authenticated. Mot. to Strike Admitted Evid. at 2–3. However, Jonathan argued that, if the emergency room records are admitted as evidence, the parts of the record that state Angela suffered from domestic abuse should not be admitted into evidence. Reply to Def.'s Opp'n Mot. to Strike Admitted Evid. Angela countered that the records do fall under the statements for purposes of medical diagnosis or treatment exception and were

authenticated by Angela during her testimony. Opp'n Mot. to Strike Evid., at 1-2. The Court agrees with Angela's assessment.

The medical diagnosis or treatment exception allows hearsay to be admitted as evidence if the statement is

> made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

Guam R. Evid. 803(4). This statement can be authenticated by a person who has knowledge of the treatment or medical diagnosis. Guam R. Evid. 901(b)(1).

The emergency room records are hearsay that falls under the medical diagnosis exception. The records describe the symptoms Angela experienced at the time she was in the Emergency room and recommend treatment for those symptoms. Ex. C at 1, 3. The records include a diagnosis of domestic violence. *Id.* at 1. The records do not explicitly state that Jonathan committed domestic violence. Thus, there is no reason not to admit this diagnosis as part of the medical record. Therefore, the entirety of the emergency room records falls under the medical diagnosis or treatment exception for hearsay.

Angela properly authenticated the emergency room records when she testified on the stand about her knowledge of the diagnosis and treatment she personally received. Although there are many methods to authenticate extrinsic evidence, one method is to have a witness with personal knowledge of the extrinsic evidence authenticate it. Guam R. Evid. 901(b)(1). This authentication can be done in a variety of ways. *See* Guam R. Evid. 901(b). It is not required for an expert on the evidence or a creator of the evidence to authenticate it. *Id.* Angela was in the emergency room when these records were created. Although she did not create the records, she actively participated

in their creation because her health is the topic of the records. Therefore, Angela has personal knowledge of the documents and can testify to their authenticity. Angela did testify to the records' authenticity. Evid. Hr'g at 1:24:13 PM (Nov. 7, 2025). And, so, the records were properly introduced as evidence during the evidentiary hearing.

## CONCLUSION

Therefore, the Court **DENIES** Jonathan's Motion to Strike Admitted Evidence.

**SO ORDERED**, this ___12/23/25___ .

_____
**HONORABLE JOHN C. TERLAJE**
**Judge, Superior Court of Guam**